IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  23-cr-00074-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEJANE REANIECE LATTANY,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO EXTEND SELF-SURRENDER DATE**
_____

    The government files this response to defendant Dejane Reaniece Lattany's Stipulation and Order for Extension of Self Surrender Date, which the Court has construed as a motion to extend her self-surrender date. (ECF No. 37.) For the reasons set forth below, the government does not oppose a partial extension of the defendant's self-surrender date.

**I.  Background**

    On March 17, 2023, the government filed a one-count Information, charging the defendant with one count of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 1.) On April 26, 2023, the defendant pled guilty to Count 1 of the Information. (ECF No. 13.)

    On August 15, 2023, the Court sentenced the defendant to 48 months as to Count 1 of the Information, to run concurrently to the sentence imposed in Denver County District Court Case No. 2022CR6134, followed by 3 years' supervised release.

(ECF No. 27 at 2-3.)   The Court further ordered that the defendant pay restitution, forfeiture, and a $100 special assessment.   (*Id.* at 6-7.)   The Judgment in a Criminal Case included an order that "[t]he defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons[ ] before 12 p.m. within 15 days of designation."   (*Id.* at 2.)   The Judgment further included the Court's recommendation that the defendant be designated to a facility in the State of Colorado.   (*Id.*)

On September 1, 2023, the Court issued the Voluntary Surrender Order Supplementing Judgment, directing the defendant to self-surrender herself by reporting to the Warden at the FCI Victorville Satellite Camp, 13777 Air Expressway, Victorville, California on September 28, 2023, by 12:00 p.m.   (ECF No. 32.)

On September 19, 2023, the defendant filed the motion to extend her self-surrender date, requesting that the Court issue an order extending her self-surrender date to November 30, 2023.   (ECF No. 37 at 1.)   Citing Federal Rule of Criminal Procedure 38, the defendant requests that the Court extend her self-surrender date based on, *inter alia*: (1) her need for additional time to arrange for her children's care, to wean her one-year-old son from breastfeeding, and to attend court hearings related to her children; and (2) her desire to attend her graduation ceremony on October 7, 2023.   (*Id.* at 1-2.)

II.     **Government's Position**

The government does not oppose a short extension of the defendant's self-surrender date to allow the defendant to arrange for her children's care while she serves her term of incarceration, but is not certain that an extension to November 30, 2023 is

merited.[1]   Although the defendant represents that she has a "series of court hearings to protect her children," she does not provide information regarding the specific nature or timing of those proceedings.   Without such information, the government is unable to determine whether an extension to November 30, 2023 is necessary.   The undersigned AUSA has requested information from defense counsel regarding the timing of the defendant's pending court hearings but has not received those details as of the time of this filing.   Nonetheless, the government recognizes that the defendant is a single

/ /

/ /

/ /

/ /

---

[1] The defendant cites Federal Rule of Criminal Procedure 38(b)(2) in support of her request, which provides: "[i]f the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal."   Although Rule 38(b)(2) does not explicitly provide a basis for the Court to grant the defendant's request, it appears as though the Court nonetheless has the authority to issue an order extending a defendant's self-surrender date.   *See, e.g.*, *United States v. Garlock*, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020) (extending the defendant's surrender date from June 12, 2020 to September 1, 2020 in light of COVID-19 pandemic); *United States v. Cox*, 2019 WL 5538069, at *1 (D. Neb. Oct 25, 2019) (order continuing the defendant's commitment date).

mother and has family obligations that may warrant some extension of her self-surrender date.

Dated this 22nd day of September, 2023.

<div style="margin-left: 3em;">
COLE FINEGAN<br>
United States Attorney

By: *s/ Nicole C. Cassidy*<br>
Nicole C. Cassidy<br>
Rebecca S. Weber<br>
Assistant United States Attorneys<br>
1801 California Street, Suite 1600<br>
Denver, Colorado 80202<br>
Tel: (303) 454-0100<br>
Fax: (303) 454-0409<br>
Nicole.cassidy@usdoj.gov<br>
Rebecca.weber@usdoj.gov<br>
Attorneys for the Government
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2023, I electronically filed the foregoing:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO EXTEND SELF-SURRENDER DATE**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<div style="text-align: right;">
<u>s/ Stephanie Price</u><br>
Supervisory Legal Assistant<br>
United States Attorney's Office
</div>