IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-cr-00074-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEJANE REANIECE LATTANY,

        Defendant.

---

## MOTION FOR CONTINUED RELEASE ON CONDITIONS
---

COMES NOW, Defendant Dejane Reanice Lattany, by and through Assistant Federal Public Defender Josh Lilley, respectfully requests that this Court release Ms. Lattany on conditions pending the resolution of her civil post-conviction proceedings. In support, Ms. Lattany would show as follows:

### I.       Introduction

On March 17, 2023, Ms. Lattany was charged by information with a single count of wire fraud in violation of 18 U.S.C. § 1343. Doc. 1. Ms. Lattany was sentenced on August 15, 2023 to 48 months imprisonment and three years of supervised release. Doc. 27. Ms. Lattany has been ordered "to surrender to the United States Marshals in Denver, Colorado on November 30, 2023." Doc. 53. On November 13, 2023, Ms. Lattany filed a Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 46 (creating civil case 1:23-cv-03024).

On November 27, 2023, Ms. Lattany filed a Motion for Release to Home Confinement Pending the Resolution of Post Conviction Motions Under 28 U.S.C. § 2255. On November 28,

2023, this Court ordered that because Ms. Lattany was represented by undersigned counsel in her criminal case, the motion must be filed through counsel because the matter was related to "the imposition of her sentence in that case (as distinguished from her post-conviction motion pursuant to 28 U.S.C. § 2255, which is separate and civil in nature)." Doc. 54.

## II.    Request

Even without statutory authority, a federal court has "the inherent power" to grant bail in post-conviction cases. *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981) (state prisoner case); *United States v. Zander*, 669 F. App'x 955, 956 (10th Cir. 2016) (applying *Pfaff* to a federal prisoner case). "In order to obtain release pending a determination on a § 2255 motion, an inmate must make 'a showing of exceptional circumstances' **or** 'a demonstration of a clear case on the merits of the habeas petition.'" *Id*. (quoting *Pfaff*, 648 F.3d 693) (emphasis added). A showing that "the grant of bail [is] necessary to preserve the effectiveness of the habeas corpus remedy sought" qualifies as a showing of extraordinary circumstances. *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990).

Ms. Lattany contends that she should be released pending appeal. In her § 2255 motion, Ms. Lattany makes multiple claims. She generally claims:

> I ask that the Honorable Court take note that I am aware that this motion is for the Federal case only. The emphasis on the State Case is only to provide details that explain my former Attorney's ineffectiveness that led to the outcome in the Federal case sentencing. My former attorney Jason Flores Williams made promises and advised me on the law. Jason Flores William's promises and advisement of the law turned out to be untrue and resulted in me having a higher criminal history score and now being safety valve ineligible. In addition, my emphasis on the state case is to inform the Federal court that I will be filing the proper appeal (2254) on the State case that is currently wrapped up in this Federal case. By no means am I trying to overhighlight the state case in this motion.

*See* Doc 46 (p. 3-4). In her motion, Ms. Lattany details instances she believes constitutes "her former Attorney's ineffectiveness." Doc. 46 (p. 4). The majority of Ms. Lattany's claims can be found between pages 3-14. *See* Doc. 46. However, Ms. Lattany also included exhibits she believes supports her claim. *Id.*

Ms. Lattany would contend that she has demonstrated a clear case on the merits. Alternatively, Ms. Lattany states:

> The current state of incarceration presents a substantial impediment to accessing necessary resources to substantiate the assertions made in my motions under 28 U.S.C. §§ 2255 and 2254, thereby potentially thwarting the administration of justice. Furthermore, I have yet to secure legal representation for these post-conviction proceedings. Detainment during the pendency of these motions substantially prejudices my ability to effectively demonstrate the gravity of the constitutional breaches I have experienced. While acknowledging and accepting responsibility for my actions, the severity and implications of these constitutional violations warrant due consideration.

*See* Doc. 52 (p. 2)(Motion stricken by Court). Ms. Lattany contends that her situation, as described in her § 2255 motion and in Document 52, constitute "a showing of exceptional circumstances" and "a demonstration of a clear case on the merits." *Zander,* at 956.

Ms. Lattany requests that she be allowed to remain released on conditions while her post-conviction motion is pending. Ms. Lattany has been out of custody, on conditions of release since March of this year. Docs. 6, 7. Ms. Lattany has remained on those conditions without issue for the duration of her case. Ms. Lattany is not a risk of flight, nor is she a danger to the community. The Government was contacted for its position and opposes this request.

-

-

**Wherefore**, Ms. Lattany respectfully requests that this Court grant this Motion for

Continued Release on Conditions while her post-conviction matters are pending.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*/s/ Josh Lilley*
Josh Lilley
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: josh_lilley@fd.org
Attorney for Ms. Lattany

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Nicole C. Cassidy, AUSA
Email: Nicole.Cassidy@usdoj.gov

Rebecca Susan Weber, AUSA
Email: Rebecca.Weber@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dejane Reaniece Lattany     (via Mail)

*/s/ Josh Lilley*
Josh Lilley
Assistant Federal Public Defender