**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 23-cr-00074-NYW-1

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DEJANE REANIECE LATTANY,**

**Defendant.**

_____

**REPORTER'S TRANSCRIPT**
**(Change of Plea Hearing)**

_____

        Proceedings before the HONORABLE NINA Y. WANG, Judge, United States District Court, for the District of Colorado, commencing at 1:07 p.m. on the 26th day of April, 2023, Alfred A. Arraj United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
NICOLE C. CASSIDY and REBECCA SUSAN WEBER, U.S. Attorney's Office, U.S. District of Colorado, 1801 California Street, Suite 1600, Denver, CO 80202

**FOR THE DEFENDANT:**
JASON FLORES-WILLIAMS, Jason Flores-Williams, Law Office of, 1851 Bassett, Suite 509, Denver, CO 80202

```
1                        APRIL 26, 2023

2         (Proceedings commence at 1:07 p.m.)

3         THE COURT:  Thank you.  Please be seated.

4         Good afternoon.  We are here today on Case No.

5    23-cr-00074-NYW-1, United States of America v. Dejane

6    Reaniece Lattany.  I am United States District Judge Nina

7    Y. Wang.

8         Counsel, would you enter your appearance, starting

9    with the Government.

10        MS. CASSIDY:  Good afternoon, Your Honor, Nicole

11   Cassidy and Rebecca Weber for the United States.

12        THE COURT:  Good afternoon, counsel.

13        MR. FLORES-WILLIAMS:  Jason Flores-Williams.

14        THE COURT:  Good afternoon.  And good afternoon,

15   Ms. Lattany.

16        Ms. Buchanan, would you please administer the oath

17   to Ms. Lattany.

18        COURTROOM DEPUTY:  Please stand and raise your

19   right hand.

20                  DEJANE REANIECE LATTANY

21   having been first duly sworn, answers questions from the

22   Court as follows:

23        THE DEFENDANT:  Yes.

24        THE COURT:  All right.  The record reflects that

25   the defendant was charged by Information, which is ECF No.
```

1    1, dated March 17, 2023, and waived her right to

2    prosecution by Indictment on March 27, 2023, that is ECF

3    Docket No. 5.  She made her initial appearance on March

4    27, 2023, ECF No. 4, at which time she entered a plea of

5    not guilty.

6         On March 28, 2023, the defendant filed with this

7    Court a notice of disposition, that is ECF No. 8, and

8    requested that this matter be set for a change of plea

9    hearing.

10        Mr. Flores-Williams, it is my understanding that

11   pursuant to a plea agreement, Ms. Lattany wishes to enter

12   a plea of guilty to Count 1 of the Information, charging a

13   violation of 18 U.S.C. Section 1343, wire fraud; is that

14   correct?

15        MR. FLORES-WILLIAMS:  That's correct.

16        THE COURT:  This matter is therefore before the

17   Court this afternoon for a change of the defendant's plea,

18   for consideration of an advisement with respect to the

19   parties' proposed plea agreement under Federal Rule of

20   Criminal Procedure No. 11, and for re-arraignment under

21   Rule 10 of the Federal Rules of Criminal Procedure.

22        For the record, the Court notes that it has

23   received the following:  Court Exhibit 1, which is the

24   plea agreement that was signed in court this afternoon.

25   And then the plea agreement contains a provision that the

1    plea agreement disclosed to the Court is the entire

2    agreement, that there are no other promises, agreements,

3    or side agreements, terms, conditions, understandings or

4    assurances, express or implied.  In entering this plea

5    agreement, neither the Government nor the defendant has

6    relied or is relying on any other terms, promises,

7    conditions, or assurances.  That is the plea agreement, at

8    page 18.

9        I also have the statement by defendant in advance

10   of the plea of guilty, which has also, it appears, been

11   signed and marked as Court Exhibit No. 2.

12       Starting with Mr. Flores-Williams, do you agree on

13   behalf of your client that the plea agreement constitutes

14   the entire agreement and that there are no other

15   agreements or terms of the agreement?

16       MR. FLORES-WILLIAMS:  Yes, Your Honor.

17       THE COURT:  And then, Ms. Cassidy, do you agree on

18   the part of the United States that the plea agreement

19   constitutes the entire agreement and that there are no

20   other agreements or terms to the agreement?

21       MS. CASSIDY:  Yes, Your Honor.

22       THE COURT:  All right.  Now turning your attention

23   to Court Exhibit No. 1, which is the plea agreement, on

24   page 18, Mr. Flores-Williams, can you confirm for me that

25   that is your signature.

1          MR. FLORES-WILLIAMS:  Yes, Your Honor.

2          THE COURT:  And, Ms. Lattany, can you confirm for

3    me that that is your signature.

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  And on behalf of the Government, you

6    have signed, Ms. Cassidy; is that right?

7          MS. CASSIDY:  Yes, Your Honor.

8          THE COURT:  And on behalf of the Government, you

9    have signed, Ms. Weber; is that correct?

10          MS. WEBER:  That's correct.

11          THE COURT:  All right.  Now turning to Exhibit 2,

12    which is the statement by defendant in advance of the plea

13    of guilty, turning to page 9, I am going to confirm again,

14    Mr. Flores-Williams, that is your signature.

15          MR. FLORES-WILLIAMS:  Yes, Your Honor.

16          THE COURT:  And, Ms. Lattany, that is your

17    signature, as well.

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  So I am just going to confirm again

20    that there is no reason that either the Government or the

21    defendant knows of that the Court cannot rely on this

22    document; is that correct?

23          MS. CASSIDY:  Correct, Your Honor.

24          MR. FLORES-WILLIAMS:  Correct.

25          THE COURT:  All right.  Ms. Lattany, I am going to

1    ask you some questions to make sure you understand your

2    rights and the consequences of pleading guilty.  Do you

3    understand that you just took an oath to tell me the

4    truth, and if you answer my questions falsely today, your

5    answers could be used against you in a separate

6    prosecution for perjury or making false statements?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you understand that you have the

9    right to remain silent and you do not have to answer any

10   of my questions at this hearing?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  For the purposes of this hearing, do

13   you give up your right to remain silent in order to answer

14   my questions?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Mr. Flores-Williams, do you concur in

17   the defendant's waiver of her right to remain silent for

18   the purposes of this hearing?

19             MR. FLORES-WILLIAMS:  Yes, Your Honor.

20             THE COURT:  And, Ms. Lattany, I also want to make

21   sure that you understand that although you have signed the

22   plea agreement, you are not yet bound by the agreement.

23   You will not be bound until I accept your plea of guilty,

24   so you can change your mind at any point during this

25   hearing up to the time that I accept a plea of guilty.

1        If at any time I tell you something or ask you

2    something that you do not understand, I need you to let me

3    know that you do not understand so I can clarify it for

4    you.  Do you understand that?

5        THE DEFENDANT:  Yes, Your Honor.

6        THE COURT:  And also if at any time you want to

7    stop and speak privately to Mr. Flores-Williams, that is

8    also perfectly fine, but you need to let me know so I can

9    allow that, all right?

10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  Ms. Lattany, what is your full name?

12        THE DEFENDANT:  Dejane Reaniece Lattany.

13        THE COURT:  And how old are you?

14        THE DEFENDANT:  I am 32.

15        THE COURT:  And what level of school did you

16    complete?

17        THE DEFENDANT:  I have an Associate's Degree.

18        THE COURT:  And do you have any trouble reading or

19    writing in English?

20        THE DEFENDANT:  No, ma'am.

21        THE COURT:  Are you under the influence of any

22    drugs, medication, or alcohol today?

23        THE DEFENDANT:  No, Your Honor.

24        THE COURT:  Is there anything about how you feel

25    right now, either physically or emotionally, that prevents

1  you from understanding what is happening at this hearing?

2      THE DEFENDANT:  No, Your Honor.

3      THE COURT:  Mr. Flores-Williams, do you have any

4  reason to believe that Ms. Lattany should not go forward

5  with this plea today?

6      MR. FLORES-WILLIAMS:  No, Your Honor.

7      THE COURT:  Do you believe that she is in

8  possession of her faculties and competent to proceed?

9      MR. FLORES-WILLIAMS:  I do.

10      THE COURT:  Based on the statements of the

11  defendant and her attorney and my own observations, I find

12  that the defendant is in full possession of her faculties

13  and is competent to proceed.

14      Ms. Lattany, have you reviewed the Information and

15  discussed the charges with your attorney?

16      THE DEFENDANT:  Yes, Your Honor.

17      THE COURT:  And has he answered all of your

18  questions?

19      THE DEFENDANT:  Yes, Your Honor.

20      THE COURT:  Do you understand the charge that has

21  been brought against you?

22      THE DEFENDANT:  Yes, Your Honor.

23      THE COURT:  Mr. Flores-Williams, will you please

24  outline for the Court your understanding of the plea

25  agreement.

1          MR. FLORES-WILLIAMS:  Yes, Your Honor.  Ms. Lattany

2     is pleading guilty to one count of wire fraud, 18 U.S.C.

3     1343.  She is forfeiting assets in the total amount of

4     1,340,000.  And in exchange for this, she is agreeing to

5     be sentenced pursuant to the Federal Sentencing

6     Guidelines, understanding the Court may vary from those

7     guidelines.

8          The range of those guidelines -- okay, I need to

9     correct myself.  The forfeiture [sic] involved is

10    3,437,072.81.  And the Court can either accept or not

11    accept the guidelines that she is agreeing to.

12         THE COURT:  All right.  Ms. Cassidy, do you agree

13    with that description of the agreement between the

14    Government and Ms. Lattany?

15         MS. CASSIDY:  Just a couple of additions, Your

16    Honor.

17         Pursuant to the terms of the plea agreement,

18    Ms. Lattany is also waiving certain appellate and

19    collateral attacks rights.

20         She is agreeing that the intended loss amount for

21    the purposes of the of the guidelines calculation is more

22    than 3.5 million but less than 9.5 million.

23         The restitution figure is $3,437,072.81, plus

24    interest accruing through the date of the sentencing

25    hearing minus the value of property seized below.

1    And she is further agreeing and consenting to the

2  forfeiture of assets listed on page 2 of the plea

3  agreement.

4    And the Government, for its part, is agreeing not

5  to bring other charges against the defendant based on

6  information currently known to the United States

7  Attorney's Office concerning fraud against the government

8  programs described in the plea agreement, and is agreeing

9  that, provided that the defendant does not engage in any

10  prohibited conduct or otherwise implicate United States

11  Sentencing Guideline Sections 3C1.1 and 3E1.1, comment 4,

12  between the guilty plea and sentencing in this case, that

13  the Government agrees that the defendant should receive a

14  2-level reduction for acceptance of responsibility

15  pursuant to Section 3E1.1(a) of the Sentencing Guidelines,

16  and agrees to file a motion requesting that the defendant

17  receive a 1-level reduction for acceptance of

18  responsibility pursuant to United States Sentencing

19  Guideline Section 3E1.1(b).  And the Government is further

20  agreeing to recommend a sentence at the

21  bottom-of-the-guideline range as calculated by the Court.

22    THE COURT:  All right.  Mr. Flores-Williams, do you

23  have any objection to the additions made by the

24  Government?

25    MR. FLORES-WILLIAMS:  None, Your Honor.

1          THE COURT:  And, Ms. Lattany, do you agree with the

2     description of your agreement made by the Government and

3     your attorney?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Have you reviewed and discussed your

6     plea agreement with your attorney?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Have you had enough time to ask your

9     attorney all of the questions you have had about these

10    documents?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  And has your attorney answered all of

13    your questions to your satisfaction?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Do you understand the plea agreement

16    and the statement made in advance of the plea agreement?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Ms. Lattany, you have the

19    constitutional right to a trial by jury.  At trial, the

20    Government would have the burden of proof and they would

21    have to prove your guilt beyond a reasonable doubt.  At

22    trial, 12 jurors need to find unanimously you are guilty.

23    Do you understand you have that right?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  At trial, you don't have to prove your

1  innocence, but because the law presumes innocence, you

2  have a right to testify and call witnesses if you want,

3  but no obligation.  Do you understand that?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  If I accept your plea this afternoon,

6  you will be waiving your right to a jury trial.  Do you

7  understand that?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Ms. Lattany, if you went to trial and

10  you were convicted, you would have the right to appeal

11  your conviction and the sentence imposed.  If I accept

12  your plea agreement, you will be giving up that right to

13  appeal your conviction and sentence except in very limited

14  circumstances.

15          If I accept your plea agreement, you can only

16  appeal the sentence that I impose if it exceeds the

17  maximum sentence provided by the statute, if it exceeds

18  the top end of the advisory guideline range, or if the

19  Government appeals the sentence imposed.

20          Under the plea agreement, you also waive the right,

21  which means you give it up, to challenge your conviction

22  and sentence in any collateral attack, including a motion

23  brought under 28 U.S.C. Section 2255.

24          You are not prohibited, however, from seeking

25  relief where there has been a retroactive change in the

1  sentencing guidelines or the sentencing statute or you

2  were deprived of effective assistance of counsel or where

3  you were prejudiced by prosecutorial misconduct.

4         Under the terms of your plea agreement, you waive

5  the right to appeal your sentence upon revocation of

6  supervised release except under certain circumstances.

7         You also waive the right to appeal the denial of

8  any motion for modification of imposed sentence where the

9  denial rests in any part on the Court's determination that

10  extraordinary and compelling reasons for a sentence

11  reduction is not warranted under the factors set forth in

12  18 U.S.C. Section 3553(a) except in certain circumstances.

13         Ms. Cassidy, is there anything else that counsel

14  believes I need to advise the defendant with regard to her

15  waiver of appellate rights?

16         MS. CASSIDY:  No, Your Honor.

17         THE COURT:  And, Ms. Lattany, do you need any more

18  time to talk to your attorney about these rights or your

19  waiver of the rights?

20         THE DEFENDANT:  Just that part about the sentencing

21  part.

22         THE COURT:  Okay.  Go ahead.

23         (Off-the-record discussion had.)

24         THE DEFENDANT:  Okay.  I am ready to proceed, Your

25  Honor.

1        THE COURT:  All right.  So after conferral with

2    your attorney, do you give up those rights?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  Mr. Flores-Williams, are you satisfied

5    that each of these waivers by your client is made

6    knowingly, voluntarily, and intelligently?

7        MR. WILLIAMS:  Yes, Your Honor.

8        THE COURT:  And do you concur in each of these

9    waivers?

10        MR. FLORES-WILLIAMS:  I do.

11        THE COURT:  The factual basis for the guilty plea

12    is set forth on pages 7 through 15 of the defendant's plea

13    agreement.  Have you reviewed the facts stated in the plea

14    agreement with your attorney, Ms. Lattany?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  And do you agree that those facts are

17    true?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  Counsel, for the purposes of the

20    factual basis, may the Court rely on the factual basis set

21    forth in the plea agreement?

22        MR. FLORES-WILLIAMS:  Yes, Your Honor.

23        MS. CASSIDY:  Yes, Your Honor.

24        THE COURT:  And, Ms. Cassidy, for the record, could

25    you set forth the factual basis of the plea.

1          MS. CASSIDY:  Yes, Your Honor.  In terms of the

2     factual basis of the plea, would you prefer I read out the

3     stipulation of facts?

4          THE COURT:  You can just give me a summary.

5          MS. CASSIDY:  Okay.  Your Honor, on or about March

6     27, 2020, the United States signed into law the

7     Coronavirus Aid, Relief, and Economic Security Act, which

8     provided emergency assistance, which was administered by

9     the SBA; meaning the Small Business Administration, to

10    small business owners suffering adverse economic effects

11    caused by the COVID-19 pandemic.

12         This instituted two programs, among other programs,

13    including the Paycheck Protection Program and the Economic

14    Injury Disaster Loan Program, which had various

15    requirements, both for the -- to be eligible for the loan

16    programs as well as regarding the potential uses of loans

17    received pursuant to those programs.

18         As set forth under the plea agreement, from at

19    least June 2020 through at least January 2022, Ms. Lattany

20    knowingly, and with an intent to defraud, devised a scheme

21    to defraud and to obtain money from the United States and

22    from participating lenders by means of material false and

23    fraudulent pretenses, representations, and promises that

24    were based on submitting false and fraudulent EIDL and PPP

25    loan applications.

1          The total amount of EIDL applications, the SBA

2     approved and funded five EIDL applications submitted by

3     Ms. Lattany and three EIDL grants, for a total of $430,000

4     in EIDLs and $20,000 in grants, and these amounts, minus

5     the $100 processing fees for each EIDL were sent to bank

6     accounts controlled by Ms. Lattany.

7          Additionally, the SBA had quoted additional amounts

8     of $3,071,200 during the initial loan application process

9     for 10 additional fraudulent EIDL applications and two

10    additional fraudulent loan modifications that were

11    ultimately declined.

12         And so therefore the total amount of EIDL and grant

13    applications, funded and unfunded, attributed to

14    Ms. Lattany, is $3,555,200.

15         In addition, from in or around June 2020 through in

16    or around December 2021, Ms. Lattany also prepared and

17    submitted fraudulent PPP applications to lenders in her

18    name as the sole proprietorship and on behalf of various

19    business entities that she purportedly owned.  Third-party

20    lenders approved and funded 10 of these PPP loans,

21    resulting in $2,887,976.94 being paid out to entities that

22    Ms. Lattany controlled.

23         And in addition to these 10 PPP loans that were

24    actually funded, Ms. Lattany also submitted another two

25    PPP loan applications that were not funded but had quoted

1    amounts totaling $895,832.  And so, therefore, the total

2    amount of PPP applications attributed to Ms. Lattany,

3    funded and unfunded, is $3,783,808.94.

4         And additionally two other things to point out in

5    the loan agreements and in these EIDL applications and PPP

6    applications, Ms. Lattany knowingly, and with the intent

7    to defraud, made materially false statements regarding the

8    entities' number of employees, gross revenues, cost of

9    goods sold, average monthly payroll, and number of

10   employees.

11        And in the EIDL loan applications, Ms. Lattany

12   further falsely certified that the information provided in

13   those applications were true and accurate and that the

14   funds would be used for permissible expenses when, in

15   fact, she used the bulk of those proceeds for personal

16   benefits.

17        And, additionally, the SBA's financing center is in

18   Denver, Colorado, and so when it paid out both the PPP

19   processing fees and the EIDL payments, there was an

20   interstate wire from Denver to outside of the state.

21        THE COURT:  Thank you, Ms. Cassidy.

22        All right.  Any response or objection,

23   Mr. Flores-Williams?

24        MR. FLORES-WILLIAMS:  No, Your Honor.

25        THE COURT:  All right.  We have talked about the

1    signature pages with respect to the plea agreement, and so

2    let's move to the charges that the defendant intends to

3    plead guilty to and the possible penalty for those

4    charges.

5         Ms. Cassidy, will you please inform the defendant

6    of the charges to which she will be pleading guilty and

7    also state the elements for each charge.

8         MS. CASSIDY:  Yes, Your Honor.  The defendant will

9    be pleading guilty to one count of 18 U.S.C. Section 1343,

10   that is wire fraud.  The maximum sentence for this

11   violation is not more than 20 years imprisonment; a fine

12   of not more than the greater of $250,000 or twice the gain

13   or loss from the offense, or both; not more than 3 years

14   of supervised release; a $100 mandatory victim fund

15   assessment fee; plus restitution in an amount to be

16   determined at the time of sentencing.

17        And the elements of these offenses are as follows:

18   First, that the defendant devised a scheme to defraud.

19   Second, that the defendant acted with the specific intent

20   to defraud.  Third, that the defendant used or caused

21   another person to use interstate or foreign wire

22   communication facilities for the purposes of carrying out

23   the scheme.  And, fourth, that the scheme employed false

24   or fraudulent pretenses, representations, or promises that

25   were material.

1          THE COURT:  Ms. Lattany, do you understand the

2    nature of the charge against you?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Do you believe that you are guilty of a

5    crime with those elements?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Ms. Lattany, do you understand the

8    consequences of you entering a plea of guilty, including

9    the maximum sentence that I could impose?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Mr. Flores-Williams, have you reviewed

12    and explained to Ms. Lattany the sentencing computation

13    provisions that are included in the plea agreement?

14          MR. FLORES-WILLIAMS:  Yes, Your Honor.

15          THE COURT:  Have you told her anything different

16    than what is set forth in that section of the plea

17    agreement?

18          MR. FLORES-WILLIAMS:  No, Your Honor.

19          THE COURT:  And that section of the plea agreement,

20    the advisory computation and advisement appear on pages 15

21    through 17 of the plea agreement.

22          Mr. Flores-Williams, based on the information that

23    you have to date, what do you believe the estimated range

24    to be?

25          MR. FLORES-WILLIAMS:  51 to 60 months, Your Honor.

1          THE COURT:  And, Ms. Cassidy, what is the estimated

2    range that the United States believes?

3          MS. CASSIDY:  51 to 63 months, Your Honor.

4          THE COURT:  All right.  Ms. Lattany, you need to

5    know that the estimated sentencing ranges that counsel

6    just stated are only estimates based on the information

7    known to date.  It is possible that the presentence

8    investigation report could contain additional information

9    that would change that calculation.  Do you understand

10   that?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Has your attorney explained to you that

13   the Federal Sentencing Guidelines are merely advisory, and

14   after your advisory guideline range has been determined, I

15   have the authority in certain circumstances to depart

16   upward or downward from that range?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Do you understand that that means that

19   the sentence that I impose is entirely up to me as the

20   judge?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Do you understand that even if you are

23   disappointed with the sentence that I impose, that it will

24   not be a basis for you to withdraw your plea of guilty?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Do you know what supervised release is?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Do you understand that if you are sent

4    to prison, that when you are released there will be

5    conditions attached to your release.  Some of those

6    standard conditions that you may be subject to are not

7    committing any new crimes, state, federal or local; not

8    possessing any illegal substances; and not possessing any

9    firearms.

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Do you understand that if you violate

12   one or more of the conditions of supervised release, your

13   supervised release term could be revoked and you could be

14   returned to prison for all or part of the remaining term

15   of supervised release?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  The plea agreement, at page 7, sets

18   forth some additional consequences, they are known as

19   collateral consequences of the plea of guilty.  Do you

20   understand that if you are presently on parole, probation,

21   or supervised release, this plea alone could be the basis

22   to revoke that parole, probation, or supervised release,

23   and as a result you could be returned to prison on that

24   other case?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Do you understand that you are pleading

2     guilty to a felony offense?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Do you understand that the conviction

5     of a felony offense may deprive you of valuable civil

6     rights, such as the right to vote, the right to hold

7     public office, the right to serve on a jury, and the right

8     to possess a firearm of any kind?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Do you understand that if you are not a

11     United States citizen, the conviction may also cause you

12     to be deported and removed from the United States, denied

13     future admission into the United States, and/or be denied

14     citizenship?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Ms. Lattany, do you have any questions

17     about the information that we have discussed here today?

18          THE DEFENDANT:  No, Your Honor.

19          THE COURT:  Has anyone attempted in any way to

20     threaten you, your family, or anyone close to you in order

21     to force you to plead guilty?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Are you satisfied with the

24     representations that Mr. Flores-Williams has provided to

25     you?

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  And do you believe that he has fully

3    advised you concerning your case?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  Having in mind all that we have

6    discussed regarding the plea of guilty, the rights that

7    you will be giving up, and the maximum sentence you could

8    receive, do you still want to withdraw your plea of not

9    guilty and enter a plea of guilty to the charge against

10   you?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  I am going to start with

13   Mr. Flores-Williams.  Any reason not to accept your

14   client's plea of guilty?

15           MR. FLORES-WILLIAMS:  No, Your Honor.

16           THE COURT:  And, Ms. Cassidy, any reason that the

17   government knows of not to accept defendant's plea of

18   guilty?

19           MS. CASSIDY:  No, Your Honor.

20           THE COURT:  Other than re-arraigning Ms. Lattany,

21   Mr. Flores-Williams, do you agree that the Court has

22   complied with the requirements of Rule 11 of the Federal

23   Rules of Criminal Procedure?

24           MR. FLORES-WILLIAMS:  Yes, Your Honor.

25           THE COURT:  And, Ms. Cassidy, other than

1    re-arraigning defendant, do you agree that the Court has

2    complied with the requirements of Rule 11 --

3         MS. CASSIDY:  Yes, Your Honor.

4         THE COURT:  -- of the Federal Rules of Criminal

5    Procedure?

6         MS. CASSIDY:  I apologize, Your Honor.  Yes.

7         THE COURT:  All right.  Mr. Flores-Williams, does

8    Ms. Lattany seek permission to withdraw her plea of not

9    guilty as to Count 1 of the Information?

10        MR. FLORES-WILLIAMS:  She does.

11        THE COURT:  Permission is granted.  The defendant's

12   plea of not guilty is withdrawn.

13        Ms. Cassidy, would you please re-arraign

14   Ms. Lattany.

15        MS. CASSIDY:  Yes, Your Honor.

16        Ms. Lattany, you have been charged in an

17   Information dated March 17, 2023, with one count of wire

18   fraud, in violation of 18 U.S.C. 1343.  Are you the Dejane

19   Reaniece Lattany named in that Information?

20        THE DEFENDANT:  Yes.

21        MS. CASSIDY:  And as to Count 1 of the Information,

22   charging wire fraud, in violation of 18 U.S.C. 1343, how

23   do you plead?

24        THE DEFENDANT:  Guilty.

25        MS. CASSIDY:  And then do you admit or deny the

1    forfeiture allegation contained in the Information?

2         THE DEFENDANT:  I admit.

3         THE COURT:  In the matter of Criminal Case No.

4    23-cr-74-NYW-1, United States of America v. Lattany, the

5    Court finds that the defendant, who is represented by

6    counsel with whom she is satisfied, has acknowledged a

7    factual basis for the plea.

8         The Court finds that the defendant has been fully

9    advised of her rights in writing and by the Court.  The

10   Court finds that the defendant is fully competent and

11   capable of entering an informed plea and that the

12   defendant is aware of the nature of the charges and the

13   consequences of her plea.

14        The Court finds that the defendant has discussed

15   her plea agreement with her attorney and has signed and

16   agreed to the plea agreement voluntarily, knowingly, and

17   intelligently.

18        Therefore, it is ordered that Court Exhibit No. 1,

19   which is the plea agreement, is accepted and admitted.

20   The plea, as made in open court today is accepted, and the

21   defendant is adjudged guilty of Count 1 of the

22   Information, charging a violation of 18 U.S.C. Section

23   1343, wire fraud.

24        The Court defers approval of the plea agreement

25   pending review of the presentence investigation report.

1          The defendant is referred to the probation

2    department for that presentence investigation report.  The

3    probation department shall conduct a presentence

4    investigation and submit a presentence report as required

5    by Rule 32 of the Federal Rules of Criminal Procedure.

6          Ms. Lattany, your sentencing hearing will not occur

7    for a few months.  Before the sentencing hearing, the

8    probation officer will talk to you and gather information

9    that will be included in a report that I will review for

10   purposes of deciding what sentence to impose.  When you

11   speak to the probation officer, your attorney may be

12   present with you if you wish.

13          If you have any objections to the factual contents

14   or the guideline calculation contained in that report,

15   your attorney may file objections on your behalf.

16          At the sentencing hearing, itself, I may hear

17   further statements or arguments from both your attorney

18   and the attorney for the Government.  You will also be

19   allowed to make your own personal statement to me on your

20   own behalf before I impose sentence if you wish.

21          The sentencing hearing is currently set for August

22   15, 2023, at 1:00 p.m.  Ms. Lattany, you are ordered to

23   appear at that time and date without any further notice of

24   the Court.

25          All dates other than the sentencing date are hereby

1    vacated.

2         Counsel, you are ordered to file any sentencing

3    positions or any other motions that pertain to sentencing

4    at least 14 days before the sentencing date.  Any

5    responses or objections to such filings must be filed no

6    later than seven days before the sentencing date.

7         The defendant is here on bond, that is Docket No.

8    6.  Pursuant to 18 U.S.C. Section 3143, the judicial

9    officer shall order that a person who has been found

10   guilty of an offense and who is awaiting imposition or

11   execution of the sentence, other than a person for whom

12   the applicable guideline promulgated pursuant to 28 U.S.C.

13   Section 994 does not recommend a term of imprisonment, be

14   detained unless the judicial officer finds by clear and

15   convincing evidence that the person is not likely to flee

16   or pose a danger to the safety of another or to the

17   community if released under Section 3142(b) or (c).

18        Ms. Cassidy, would the Government be seeking

19   detention before sentencing?

20        MS. CASSIDY:  No, Your Honor.

21        THE COURT:  And the Government has no objection to

22   continuing defendant's bond pending sentencing on the same

23   terms?

24        MS. CASSIDY:  Correct, Your Honor.  Thank you.

25        THE COURT:  Ms. Lattany, bond continues pending

1    sentencing upon the Court's finding by clear and

2    convincing evidence that she is not likely to flee or pose

3    a danger to the safety or to another in the community, as

4    reflected on the docket before it.

5            Any further business on behalf of the Government?

6            MS. CASSIDY:  No, Your Honor.  Thank you.

7            THE COURT:  Any further business on behalf of the

8    defendant?

9            MR. FLORES-WILLIAMS:  No, Your Honor.  Thank you.

10           THE COURT:  All right.  Thank you, counsel.

11           Will be in recess.

12

13           **R E P O R T E R ' S    C E R T I F I C A T E**

14           I, Darlene M. Martinez, Official Certified

15   Shorthand Reporter for the United States District Court,

16   District of Colorado, do hereby certify that the foregoing

17   is a true and accurate transcript of the proceedings had

18   as taken stenographically by me at the time and place

19   aforementioned.

20

21           Dated this 22nd day of December, 2023.

22

23           _____

24           s/Darlene M. Martinez

25           RMR, CRR