Dejane Reaniece Lattany, #51090510
Victorville Camp FCI Med, I
PO Box 5300
Adelanto, CA 92301

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 05 2024

JEFFREY P. COLWELL
CLERK

In the United States District Court
For the District of Colorado

| United States of America, Plaintiff-Respondent, vs. Dejane Reaniece Lattany, Pro Se Defendant-Movant. | Criminal Case No. 23-cr-00074-NYW Civil Case No. 23-cv-03024-NYW *Amended 28 U.S.C. §2255*; *Affidavit to Proceed Pro Se*. |
|---|---|

## Amended 28 U.S.C. § 2255

It is axiomatic that pro se filings should be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022); See also Haines v. Kerner, 404 U.S. 519 (1972) "allegations of pro se litigant are held to less stringent standards than formal pleadings drafted by attorneys...". I am amending my 28 U.S.C. § 2255 as there are issues I missed and I want to preserve them in my claims for ineffective assistance of counsel ("IAC"). A Court must consider as evidence, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where I attest under the penalty of perjury that the contents of the motion or pleadings are true and correct. See McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir. 1987); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); Schroeder v. McDonald, 55 F.3d 454, n.10 (9th Cir. 1995). Pleadings counts as "verified" if drafter states under penalty that contents are true and correct. Id. I make the following under the penalty of perjury that the contents in this pleading is true and correct.

I hired Jason Flores-Williams to represent me in this instant case Criminal No. 23-cr-00074-NYW as he represented to me that he specialized in white-collar criminal cases, which I later found out was not true. I paid Jason Flores-Williams $70,000 who advised me how to proceed in my criminal case. Jason Flores-Williams told me to put my home into a foreign trust through a company called Nevis located at Cook Islands (Raratonga) to

1

protect me, so the Government could not take my home. Then Jason Flores-Williams went to the Government and offered my home to them, knowing that he advised me to put it into a foreign trust in Cook Island (Raratonga).

Jason Flores-Williams then advised me if I took the plea Government was offering I would get the following and would do no prison time: 1ST time offender; safety valve. This was not true as I did not qualify for safety valve as this case was not a drug case, I did not get a downward departure for safety valve, nor did I get a downward departure for 1ST time offender. If I knew this I would not have taken a plea deal and would have went to trial, but for the ineffective assistance counsel ("IAC") Jason Flores-Williams.

Counsel Jason Flores-Williams never provided or showed me a copy of my presentence report ("PSR") so that I could object or aquiece to what was written, prior to sentencing. All of the aforementioned of Jason Flores-Williams IAC was a violation of my Sixth Amendment Constitutional Rights, to effective representation.

I make the aforementioned under the penalty of perjury that the contents are true and correct. I am also willing to submit to a lie-detector test.

_____ January 10, 2024, Adelanto, CA

2

## Affidavit to Proceed Pro Se

I DeJane Reaniece Lattany make the following under the penalty of perjury that it is true and correct. A court must consider as evidence which is based on personal knowledge (McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir 1987) Set forth facts admissible under the penalty of perjury are true and correct. See Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). Pleadings counts as "Verified" if drafter states under penalty of perjury that contents are true and correct. Schroeder v. McDonald, 55 F.3d 454, n.10 (9th Cir. 1995).

(1) The Court Assigned a Public defender, attorney Josh Lilley, 633 17th Street, Suite 1000, Denver, Colorado 80202 who has made it clear that He will Not work on Any Part of my 28.U.S.C § 2255 and has not Been filing Any of my valid claims;

(2) I Am Asking that I Be Granted to represent myself Pro Se due To Josh Lilley's Inability To Represent me effectively with my 28.U.S.C §2255 filings.

3) I have Been unable To Contact him, And cannot do Anything while he is on my case;

Therefore I Am Asking that I Represent myself Pro Se In This matter And That this Instant Pleading Be Filed And Renewed by this Honorable Court.

_____  January 10, 2024, Adelanto, CA

