# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Criminal Case No. 23-cr-00074-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DEJANE REANIECE LATTANY,

    Defendant.

## ORDER

This matter comes before the Court on the Emergency Motion for Compassionate Release ("Motion for Release"), [Doc. 76], and Motion to Request Hearing on Emergency Compassionate Release Motion ("Motion to Request Hearing" and together, "Motions"), [Doc. 77], filed on behalf of Dejane Reaniece Lattany ("Dejane Lattany") by her mother, Jaraine Lattany ("Jaraine Lattany"),[1] on August 1 and 2, 2024, respectively. For the following reasons, the Court respectfully **STRIKES** the Motions.

## BACKGROUND

On March 3, 2023, Dejane Lattany was charged by Information with one count of wire fraud pursuant to 18 U.S.C. § 1343. [Doc. 1]. The following week, private counsel – Jason Flores-Williams ("Mr. Flores-Williams") – entered an appearance on her behalf and filed a Waiver of Indictment. [Doc. 3; Doc. 5]. The next day, Dejane Lattany, through Mr. Flores-Williams, filed a Notice of Disposition. [Doc. 8]. In advance of her Change of

---

[1] For purposes of clarity, the Court uses Dejane Lattany's and Jaraine Lattany's first and last names throughout this Order.

Plea hearing, Dejane Lattany executed a Plea Agreement with the United States and a Statement in Advance of Plea of Guilty. [Doc. 13; Doc. 14]. She appeared before the Court for a Change of Plea hearing on April 26, 2023, during which the Court advised her of her constitutional rights and the consequences of pleading guilty. [Doc. 12].

The Parties agreed, and the Court found, that the applicable guideline calculation was 24, with a criminal history category of I, resulting in an advisory sentencing guideline range of 51-63 months. [Doc. 13]. In her Sentencing Memorandum, Dejane Lattany, through counsel, advocated for a sentence of incarceration of 45 months. [Doc 19 at 3]. The United States advocated for a sentence of incarceration of 51 months. On August 15, 2023, this Court sentenced Dejane Lattany to 48 months' imprisonment, to be followed by three years of supervised release. [Doc. 25 at 2; Doc. 27]. On August 21, 2023, Mr. Flores-Williams moved to withdraw as counsel which the Court granted. [Doc. 26; Doc. 29].

After granting two extensions, *see* [Doc. 41; Doc. 44], the Court ordered Dejane Lattany to self-surrender to federal custody on November 30, 2023. *See* [Doc. 45]; *see also* [Doc. 53 (permitting Dejane Lattany to self-surrender in Denver, Colorado)]. On November 13, 2023, Dejane Lattany filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). *See* [Doc. 46].[2] Her § 2255 Motion remains pending before the Court. After the Court denied Dejane Lattany's request for continued release pending resolution of the § 2255 Motion, *see* [Doc. 55; Doc. 56], Dejane Lattany surrendered to federal custody on November 30, 2023. Dejane Lattany remains in the custody of the federal Bureau of Prisons ("BOP").

---

[2] On February 5, 2024, Dejane Lattany filed an "Amended 28 U.S.C. § 2255 [Motion]" [Doc. 62], which this Court construes as a supplement to the § 2255 Motion.

2

## ANALYSIS

Presently before the Court are the Motion for Release and Motion to Request Hearing.  *See* [Doc. 76; Doc. 77].  The Motion for Release is signed by Jaraine Lattany "on behalf of Dejane Lattany." [Doc. 76 at 6].  An attachment to the Motion for Release for "Medical Records and Additional Medical Information" is also signed by Jaraine Lattany "on behalf of Dejane Lattany." *See* [*id.* at 14].[3]  Exhibit 1(A) to the Motion for Release is a "Power of Attorney" granting Jaraine Lattany power of attorney to "speak to all judges on [Dejane Lattany's] behalf, including going before all judges concerning all aspects of all of [Dejane Lattany's] criminal cases," and to "make decisions and ask anything, including submission of motions on [Dejane Lattany's] behalf concerning all criminal cases." [*Id.* at 18].

In the Motion to Request Hearing, Jaraine Lattany asks the Court to grant her request for an *ex parte* hearing "with the Defendant Dejane Lattany and Power of Attorney Jaraine Lattany in regards to the 'Emergency Compassionate of Release' motion" filed on August 1, 2024. [Doc. 77 at 1].  The Motion to Request Hearing is signed by Jaraine Lattany "on behalf of Dejane Lattany" and the address block includes a residential address in Denver, Colorado – not Dejane Lattany's address of record at the Federal Medical Center in Fort Worth, Texas.  *See* [Doc. 72].  Likewise, in the Certificate of Service attached to the Motion to Request Hearing, Jaraine Lattany is listed as Dejane Lattany's "Attorney" and specifically, her "Power of Attorney."  [Doc. 77 at 3].

---

[3] While a "Proposed Release Plan" attachment to the Motion for Release provides only Dejane Lattany's name (and not "Jaraine Lattany on behalf of Dejane Lattany"), the Court notes that the signature attached to the Proposed Release Plan also appears to belong to Jaraine Lattany.  *Compare* [Doc. 76 at 12], *with* [*id.* at 6, 14].

3

The authorization to act under a power of attorney is not an authorization to practice law.  *Sanders v. Funk*, No. 07-CV-00192LT, 2007 WL 1158531, at *3 (D. Colo. Apr. 6, 2007) (collecting cases).  Both state and federal courts agree that a statutory power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law.  *See, e.g.*, 28 U.S.C. § 1654 (federal law allows two types of representation in court: that by an attorney admitted to the practice of law by the applicable regulatory body, and that by a person representing himself); *Harris v. Philadelphia Police Dep't*, No. 06-CV-2192, No. 06-CV-2192, 2006 WL 3025882 (E.D. Pa. Oct. 20, 2006) ("[F]ederal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney."); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney).  Here, notwithstanding Jaraine Lattany's status as power of attorney for Dejane Lattany, nothing in the record supports a finding that Jaraine Lattany is an attorney licensed to practice law.  Indeed, this Court has confirmed that Jaraine Lattany is not a member of the District of Colorado bar.  *See* https://www.cod.uscourts.gov/CMECF/AttorneyStatus.aspx.

In addition, Jaraine Lattany is not a party to this action.  Even if she were, "it is well established that a pro se litigant may not represent another party in federal court."  *Leal v. Diaz*, No. 17-CV-00946-PAB-SKC, 2019 WL 2060852, at *2 (D. Colo. May 9, 2019) (collecting cases); *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) ("Non-attorney pro se litigants cannot represent other pro se parties."); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts

4

only pro se or through legal counsel."); *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001) ("Under well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of another person or entity.").

While this Court acknowledges the challenges faced by Dejane Lattany, Jaraine Lattany lacks authority to submit filings on Dejane Lattany's behalf. Even though Dejane Lattany proceeds pro se, she is still bound by the same procedural rules and substantive law. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). Accordingly, the Court **STRIKES** the Motion for Release and Motion to Request Hearing as unauthorized filings. As a matter of courtesy, this Court will provide a copy of this Order to Jaraine Lattany.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   The Emergency Motion for Compassionate Release is **STRICKEN**;

(2)   The Motion to Request Hearing on Emergency Compassionate Release Motion is **STRICKEN**; and

(3)   A copy of this Order shall be sent to:

>    Dejane Reaniece Lattany
>    Inmate No. 51090-510
>    P.O. Box 27137
>    Federal Medical Center
>    Fort Worth, Texas 76127
>
>    Jaraine Lattany
>    14475 Robins Drive
>    Denver, Colorado 80239

DATED: August 6, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge